*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LATASHA NELSON,

       Plaintiff-Appellant,

v

KWADWO OWUSU, HIZMO TRUCKING, LLC,
and PROGRESSIVE MICHIGAN INSURANCE
COMPANY,

       Defendants-Appellees.

UNPUBLISHED
December 22, 2020

No. 347963
Wayne Circuit Court
LC No. 17-012095-NI

Before: GADOLA, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

RONAYNE KRAUSE, J. *(concurring in part and dissenting in part)*

I concur with the result reached by the majority and most of the majority's reasoning. I write separately because I respectfully disagree that there is no question of fact where plaintiff's Kia was "garaged," and to provide further analysis regarding plaintiff's residence.

Regarding the garaging of the Kia, Janeen Copic, Progressive's litigation underwriting specialist, testified that the important (i.e., material) fact regarding adding the Kia to Johnstone's policy was where the Kia was "garaged." Copic further defined "garaging" as "the primary location of where the vehicle is kept at." Plaintiff's deposition testimony might not have been a model of clarity, but she indicated that she spent approximately four days a week (i.e., more than half) at Johnstone's residence with the Kia. I would conclude that there is a genuine question of fact whether the Kia was, in fact, "garaged" at Johnstone's residence, as the term "garaged" is used by Progressive. Consequently, there is a genuine question of fact whether the policy application at issue actually misrepresented where the Kia was "garaged."

However, Copic also clearly indicated that the garaging of a vehicle is the relevant concern when adding a vehicle to the policy, but the residency of a driver is the relevant concern when adding a driver to the policy. This is consistent with her affidavit, stating that Progressive would not have written the policy if it had known that plaintiff did not live with Johnstone *and* that the Kia was not garaged at Johnstone's house. Critically, Copic explained that, in contrast to the definition of garaging, "residency" had little to do with where someone spent nights. Rather, it

-1-

would be established by things like utility bills and bank statements. In any event, there appears to be no serious dispute that plaintiff did not reside with Johnstone, irrespective of whether she spent much of her time at Johnstone's residence.

Richardson testified that he told both plaintiff and Johnstone that the Kia could only be added if Johnstone had a financial interest in it or if plaintiff lived with Johnstone. Richardson's testimony further makes it clear that he directly obtained from Johnstone a statement that plaintiff lived with him, and because Richardson found that suspicious, he made Johnstone sign a household members acknowledgement. Although this does not resolve the question of whether Johnstone did actually misrepresent anything to Richardson, the clear and unavoidable implication is that, for whatever reason, Richardson communicated to Progressive that plaintiff and Johnstone resided together.[1] That implication is confirmed by the "Auto Insurance Coverage Summary" document, which lists Johnstone and plaintiff as both being "drivers and resident relatives."

There is no other evidence in the record that would contradict the evidence that Richardson told Progressive that plaintiff and Johnstone lived together. As the majority observes, Richardson acted as Johnstone's agent, so that communication must be attributed to Johnstone. As a consequence, I am unable to find a question of material fact whether there was a misrepresentation as to plaintiff's residence. The garaging location of the Kia is, therefore, immaterial. I concur with the remainder of the majority's opinion and analysis.

/s/ Amy Ronayne Krause

---

[1] Richardson explained that the policy change application was made by clicking and entering information on a website form, and thus there is no specific document recording what he transmitted to Progressive.